GONZALO RIVERA, Petitioner and Appellant, *v.* EDUARDO HERNÁNDEZ RAMÍREZ, ETC., Respondent and Appellee.

No. 9988. Argued November 7, 1949.—Decided November 18, 1949.

*Nicolás Torres Marrero* for appellant. *Luis Alfredo Colón* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

In the petition for mandamus filed in this case it is alleged that on or about the years 1943 to 1945 the petitioner furnished the Municipality of Lares groceries in the amount of $648; that said sum has not yet been paid to him in spite of his having personally demanded it from the municipality, that the debt appears from the final liquidations corresponding to the years 1943–44 and 1944–45 as outstanding; that there are appropriations in the budget to pay the sum claimed and that in accordance with law the respondent in

his capacity as Auditor of the municipality is bound to sign the warrants and orders of payment which should be made from the municipal funds. It is prayed therein that the respondent be ordered in his aforesaid capacity to forthwith proceed to sign the corresponding warrant and order of payment for the above-mentioned sum.

After the court issued the alternative writ the respondent filed a motion for dismissal because in his judgment mandamus was not the proper remedy to claim the payment of a debt against a municipality and because he was not the officer to be sued in said proceeding. After the parties were heard the lower court issued an order denying respondent's motion for dismissal as well as the motion filed by the petitioner for the issuance of the peremptory writ because the respondent had not filed the corresponding answer. At the same time it granted the latter a term of 10 days to answer. After reconsiderations were requested by both parties, the same were denied. After the petition was answered, the corresponding hearing held, and oral and documentary evidence introduced, the lower court rendered judgment denying the peremptory writ sought and adjudging the appellant to pay costs, plus $100 as attorney's fees.

In support of his appeal the appellant charges errors to the lower court. The first of them is that it erred in denying his motion to consider respondent's motion for dismissal as an evasive answer to the petition and consequently, in not issuing the peremptory writ of mandamus.

Section 10 of the Mandamus Act (§ 658 of the Code of Civil Procedure, 1933 ed.) provides that "No other pleading or written allegation is allowed than the writ and answer." This does not mean, however, that when from the face of the petition it appears that the same is defective or that it does not state a cause of action, the court may not *sua sponte* pass on the merits thereof and so hold nor that in order to attack the petition the respondent is barred from

presenting the corresponding allegation to that effect. *Negrón et al.* v. *The Supervisor of Elections*, 11 P.R.R. 352; *Zavala et al.* v. *The Executive Council of P. R.*, 9 P.R.R. 191; *Delgado* v. *The Executive Council of Porto Rico*, 7 P.R.R. 401. Moreover, if the application is insufficient the court may flatly deny it. *Lutz* v. *Post*, 14 P.R.R. 830. Cf. *Cividanes* v. *López Acosta*, 24 P.R.R. 251. The question raised by the appellant in his first assignment of errors has not been specifically decided up to now by this Court. However, in *Pagán* v. *Towner*, 35 P.R.R. 1, a petition for mandamus was filed and upon the parties being summoned for a hearing, the defendant filed a demurrer to the petition, the proceeding being subsequently submitted and disposed of by this Court on the petition and the demurrer. See also *Quiñones* v. *Coronado, Mayor*, 49 P.R.R. 803, and *Dyer* v. *Rossy*, 23 P.R.R. 772.

However, in accordance with Rule No. 81 of the Rules of Civil Procedure, the same are applicable to mandamus proceedings and. Rule 12 (b) thereof provides that "Every defense, in law or fact, to a claim for relief in any pleading, . . . shall be asserted in the responsive pleading thereto, . . ." and that "the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted." Therefore, even assuming that under a strict interpretation of § 10 of the Mandamus Act a motion for dismissal of petition for insufficiency does not lie and that when the respondent does not file an answer thereto judgment should be rendered ordering the issuance of the peremptory writ, it is unquestionable that actually under the above rules the right to file such motion is clear. This being so, the lower court did not err in denying petitioner's motion.

■■ The petitioner also charges the lower court with having erred in weighing the evidence; in having acted under the influence of passion, prejudice, and partiality; and in

having erroneously and unduly applied some of the sections of the Regulations of the Municipal Accounting System promulgated by the Auditor of Puerto Rico. This leads us to the consideration of the evidence.

That for the petitioner tended to show that during the years 1943 to 1945 he furnished groceries to the Municipality of Lares to be used in the Municipal Hospital; that their price has not been paid to him in spite of the fact that there are funds for that purpose and notwithstanding his having demanded the respondent to do so; that he does not have the corresponding vouchers or receipts of any kind in connection therewith, due to the fact that although all the necessary documents were in his hands they were destroyed by a fire which swept the town of Lares on February 2, 1945; that when the administration of the Municipality passed to the hands of the party which won the elections held on November 1944, he was demanded to show the originals of all the vouchers sent to him by the Municipality in connection with the sum involved in the proceeding and he did so; that such originals were returned to him and the same were destroyed later by the fire mentioned above; and that when he was required to show the originals of the vouchers, in the Municipality only copies of some of them appeared, but that they were later misplaced.

That for the respondent tended to show that neither the originals nor the copies of the vouchers sent to the petitioner concerning the groceries whose payment he claims, appeared in the Municipality; that no receipts whatsoever on such orders appear either and that the only thing that was found therein was the Registry of Orders and Contracts for the fiscal year 1944–45, which shows at pp. 96 and 161 certain entries in connection with groceries furnished by the petitioner to the Municipal Hospital to be used by the patients and employees thereof.

.The district court did not believe the evidence for the petitioner not only because in its judgment the Regulations of the Auditor of Puerto Rico on the matter had not been strictly complied with, but also because the testimony of two of the witnesses for the petitioner was in its opinion in open conflict with the contents of the Registry of Orders and Contracts introduced in evidence by the respondent. Moreover, because although said Registry showed some entries for groceries furnished by the petitioner, however, the total amount thereof did not correspond with the sum involved ·in the proceeding, there being also found serious irregularities in said Registry, among others, that of having been recorded therein entries which corresponded to the fiscal year 1944–45, which entries should have appeared in the Registry of the previous fiscal year.

We are not at all convinced that the lower court acted under the influence of passion, prejudice or partiality, or that it committed manifest error in weighing the evidence. *Camacho* v. *Cía. Popular de Transporte*, 69 P.R.R. 675, 680; *Rivera* v. *Goytía, ante*, p. 29. Of course, although the Municipal Auditor is bound to comply with the Regulations issued by the Auditor of Puerto Rico (§ 33 of the Municipal Law, No. 53 of 1928, pp. 335, 363), this does not mean that because said provisions were not strictly complied with such fact carries with it the nullity of any contract entered into between the Municipality and a third person. *Soltero* v. *Piris*, 49 P.R.R. 375, 379; *Texas Company of P. R. Inc.* v. *Municipality*, 48 P.R.R. 933; *Santiago A. Panzardi & Co., S. en C.* v. *Municipality*, 46 P.R.R. 483.

■■ In the course of its opinion the lower court indeed gave too much emphasis to the noncompliance by both the petitioner and officers of the Municipality with the regulations above mentioned. In its reasoning on this point it undoubtedly erred, but the appeal is taken against the judgment and not against the grounds thereof. *Rosario* v. *Suá-*

*rez*, 67 P.R.R. 552, 555. However, as we shall see further on, the judgment rendered should be sustained.

 Mandamus is a highly privileged writ and does not lie when the right of the petitioner is not entirely clear. *Pagán* v. *Towner, supra; Pacheco et al.* v. *Cuevas Zequeira, District Judge*, 27 P.P.R. 192; *Díaz Navarro* v. *Kern*, 26 P.R.R. 32; *Pérez* v. *Executive Council*, 16 P.R.R. 677; Spelling on Extraordinary Remedies, vol. 2, 2d ed., p. 1300, § 1483; 34 Am. Jur., p. 847, § 55. The evidence failed to show that the right of the petitioner to the writ sought was so. The sum involved in the proceeding only appeared in part in the Registry of Orders and Contracts, there also being absolute lack of receipts showing that the orders were passed to the petitioner by the Municipality and that the groceries were furnished by him to the hospital. Under these circumstances, although its reasoning is mistaken, the lower court acted correctly in rendering judgment in the manner it did.

The judgment appealed from will be affirmed.